IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION

MONTEE LAVON MOORE #B-18657,    )
                                )
            Plaintiff,          )
                                )
     v.                         )     No.  11 C 2327
                                )
VENDOR/ARAMARK, et al.,         )
                                )
            Defendants.         )

                        MEMORANDUM ORDER

    Cook County Department of Corrections ("County Jail") inmate Montee Moore ("Moore") has used the form of 42 U.S.C. §1983 ("Section 1983") Complaint provided by the Clerk's Office to file suit against a number of defendants--County Jail food provider Aramark, Cook County Sheriff Tom Dart and Anderson Pest Control--because of their claimed responsibility for assertedly deplorable conditions involving the food provided to County Jail inmates. Moore has accompanied his filing with a Clerk's-Office-provided form of In Forma Pauperis Application ("Application"), to which the trust fund account printout called for by 28 U.S.C. §1915(a)(2)[1] is attached.

    Based on that printout, the average monthly deposits into Moore's account for the relevant six-month period preceding suit (see Section 1915(b)(1)(A)) amounted to $16.33, 20% of which (id.) came to $3.27.  Accordingly the Application is granted to

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

the extent that Moore need not pay the full $350 filing fee in advance, although he must pay the entire fee in current and future installments.

Moore is therefore assessed that initial partial payment of $3.27, and the County Jail trust fund officer is ordered to collect that amount from Moore's trust fund account and to pay it directly to the Clerk of Court ("Clerk"):

> Office of the Clerk
> United States District Court
> 219 South Dearborn Street
> Chicago IL 60604
>
> Attention: Fiscal Department

Both that initial payment and all future payments called for in this memorandum order shall clearly identify Moore's name and the 11 C 2327 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this memorandum order to the County Jail trust fund officer.

After such initial payment, the trust fund officer at County Jail (or at any other correctional facility where Moore may hereafter be confined) is authorized to collect monthly payments from Moore's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid.

In terms of the substance of Moore's claim (as to which this

Court neither makes nor suggests any definitive ruling), the Complaint leaves uncertain whether Moore has satisfied the precondition of exhaustion of available administrative remedies prescribed by 42 U.S.C. §1997e(a). But before this Court considers the possible need for a <u>Pavey</u> hearing in that respect (see <u>Pavey v. Conley</u>, 544 F.3d 739 (7th Cir. 2008)) it seems preferable to receive defendants' responsive pleadings (which can include that information as well). Accordingly the appropriate papers are being transmitted to the United States Marshals Service for service of process, and this action is set for an initial status hearing at 9 a.m. June 14, 2011.

                                          _____
                                          Milton I. Shadur
                                          Senior United States District Judge

Date: April 12, 2011