IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MONTEE LAVON MOORE, )
 )
       Plaintiff, )
 )
v. ) No. 11 C 2327
 )
VENDOR/ARAMARK CORRECTIONAL )
FOOD SERVICES, et al., )
 )
       Defendants. )

## MEMORANDUM OPINION AND ORDER

This memorandum opinion and order is issued sua sponte to address some problems--though quite different problems--posed by the responsive pleadings filed by Sheriff Tom Dart ("Dart") and Anderson Pest Control ("Anderson"), two of the defendants named by pro se plaintiff Montee Lavon Moore ("Moore") as targets of a 42 U.S.C. §1983 ("Section 1983") action. Moore complains in this lawsuit about problems he encountered with the food services at the Cook County Department of Corrections ("County Jail"), where he was a pretrial detainee. Dart's Answer and Affirmative Defenses ("ADs") will be discussed first, after which Anderson's Fed. R. Civ. P. ("Rule") 12(b)(6) motion will be dealt with.

As for Dart's Answer, both Answer ¶4 and Answer ¶8 reflect impermissible departures from the form of disclaimer prescribed by Rule 8(b)(5) as the basis for avoiding the need to admit or deny a plaintiff's allegation--see App'x ¶1 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001). Those responsive paragraphs are stricken, with leave granted to

Dart to file suitable replacements on or before July 14, 2011. In addition, this Court notes that Answer ¶5 does not provide a total response to Complaint ¶5.[1]

As for Dart's ADs, a couple of them are problematic. Here they are:

    1. AD 1, which is the essential equivalent of a Rule 12(b)(6) motion, gives no clue as to the perceived deficiencies in Moore's claim (it should be remembered that the federal concept of notice pleading applies to plaintiffs and defendants alike). If Dart's counsel is serious about the asserted failure to state a claim, the matter should be brought on by a motion with appropriate legal support.

    2. AD 2 is plainly bogus and is stricken--just how, pray tell, was Moore expected "to mitigate his damages" caused by the situation about which he complains?

So much for Dart's pleading. As for Anderson, it has noticed up its Rule 12(b)(6) motion and supporting memorandum for presentment on July 8. But because its position is really unanswerable in law (and would still be unanswerable even if Moore were assisted by counsel), this opinion addresses the motion on the merits.

---

[1] This Court has made no effort to check on the Answer in its entirety. What have been reflected in this opinion are a few items that figuratively jumped off the page during this Court's brief review of the Answer.

Anderson argues correctly that it is not a proper target of a Section 1983 claim because it is not a "state actor"--indeed, its attached Ex. B is a photocopy of its service agreement with Aramark Correctional Services ("Aramark," which is also named as a defendant). Even if Aramark could somehow be tied in with Dart on the basis set out in the seminal opinion in Burton v. Wilmington Parking Auth., 365 U.S. 715 (1961)(a possibility on which this Court expresses no view, because Aramark has yet to plead), Anderson's independent contractor status--indeed, it is merely a subcontractor to Aramark--creates too tenuous a connection to bring it under the same rubric (see a case on all fours with this one, Stuart v. Shelby County, 2007 WL 2471511, at *1 n.1 (W.D. Tenn. 2007), citing West v. Atkins, 487 U.S. 42, 55-57 (1988)).

Accordingly Anderson's motion is granted, and it is dismissed as a defendant. This ruling obviates any need for its counsel to appear at the proposed July 8 presentment date.

_____
Milton I. Shadur
Senior United States District Judge

Date: June 30, 2011