IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION

MONTEE LAVON MOORE,                )
                                   )
          Plaintiff,               )
                                   )
     v.                            )    No.  11 C 2327
                                   )
VENDOR/ARAMARK CORRECTIONAL        )
FOOD SERVICES, et al.,             )
                                   )
          Defendants.              )

                    MEMORANDUM OPINION AND ORDER

     This 42 U.S.C. §1983 ("Section 1983") action was brought by Cook County Department of Corrections ("County Jail") inmate Montee Lavon Moore ("Moore") against three defendants--Cook County Sheriff Tom Dart ("Sheriff Dart"), food service purveyor Aramark Correctional Food Services ("Aramark") and Anderson Pest Control ("Anderson")--because he holds them responsible for assertedly deplorable conditions involving the food provided to County Jail inmates. According to Moore, as he was carrying out his assignment of passing out lunches at the County Jail, he found a live mouse among the lunches, and that discovery triggered his filing of the Complaint.[1]

     That filing in turn generated the issuance of three earlier

---

[1] In a sense, that has turned the well-known adage by Horace--"Parturient montes, nascetur ridiculus mus" (most frequently translated as "the lab'ring mountain scarce brings forth a mouse")--on its head:  Here a mouse has brought forth a figurative mountain--a charge of constitutional magnitude. Nonetheless this Court has taken Moore's charge seriously, crediting his factual allegations fully, as is required at this pleading stage of the lawsuit.

opinions by this Court:

1. Opinion I, issued April 12, 2011, confirmed Moore's entitlement to go forward in forma pauperis under the provisions of 28 U.S.C. §1915, identified the possible need for a Pavey hearing and, in the interim, arranged for service of process and setting an initial status hearing.

2. Opinion II, issued June 30, identified the need for Sheriff Dart to correct some pleading errors in his Answer and granted Anderson's then-tendered Fed. R. Civ. P. ("Rule") 12(b)(6) motion for its dismissal on the ground that it is not a "state actor," as Section 1983 requires.

3. Opinion III was a July 6 supplement to Opinion II, following up on the potential Pavey issue that would compel the dismissal of the entire action if Moore had failed to exhaust administrative remedies (42 U.S.C. §1997e(a)).

At this point only Aramark remains as a defendant because Moore and Sheriff Dart have settled their differences, resulting in the July 11 dismissal of the claims against Sheriff Dart with prejudice.

Now Aramark has submitted its own Rule 12(b)(6) motion seeking its dismissal, having noticed that motion up for presentment on July 27. As was the case with Anderson, that motion is unanswerable, so that there is no need to await the presentment date before ruling. Only a brief explanation is

2

required.

As a private contractor hired to provide food services as the County Jail, Aramark does not fit the Section 1983 concept of being a "state actor"--in the words of the statute, of acting "under color of any statute, ordinance, regulation, custom or usage of any State." Indeed, even if it were otherwise--even if Aramark could be brought into the "state actor" net by analogy to Burton v. Wilmington Pkg. Auth., 365 U.S. 715 (1961)--so that Aramark's actions were to be viewed as "fairly attributable to the state" (see Lugar v. Edmonson Oil Co., 457 U.S. 922, 937 (1982)), Moore would still founder--this time on the need to show individual rather than respondeat superior liability on Aramark's part (Palmer v. Marion Cty., 327 F.3d 588, 594 (7th Cir. 2003)).

There is a good deal more that could be said. Aramark's 14-page supporting memorandum of law cites substantial caselaw--several of the cases involving Aramark itself--that has consistently rejected Section 1983 liability under comparable circumstances. In short, as stated earlier, nothing that Moore could offer up could stave off the inevitable. This action is dismissed.[2]

---

[2] It should be emphasized that nothing said here affects Moore's ability to bring a comparable lawsuit in the state court system, where the "state actor" concept would not get in the way of a lawsuit against Aramark. Federal courts are courts of limited jurisdiction, able to entertain lawsuits only as Congress prescribes, and that is not true of the state court system. This should not of course be misunderstood as expressing any view as

3

_____
                                        Milton I. Shadur
                                        Senior United States District Judge

Date:   July 20, 2011

---

to the viability of Moore's claims in substantive terms--that subject would be for determination of a state court if he sues there.  Finally, Moore's motion for the appointment of counsel, on which this Court had held off ruling until developments indicated the need or utility of such an appointment, is denied as moot.